THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JONAS MATHIS,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | Civil Action |
| : | No. 5:08-cv-405 (CAR) |
| **ANTHONY WASHINGTON, Warden,** : | |
| : | |
| **Respondent.** : | |
| : | |
| _____ : | |

### ORDER ON RESPONDENT'S MOTION TO DISMISS

Before the court is Respondent's Motion to Dismiss Petitioner Jonas Mathis' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 12). The petition purports to challenge petitioner Mathis' 1980 Putnam County, Georgia convictions for the offenses of rape and burglary. Upon review of the record of the case and the Court's records of previous cases, the Court finds that the present petition is successive and is barred under the terms of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b).

Although Respondent moves for dismissal based on untimeliness, the Court's records show that Petitioner has previously filed two other federal habeas corpus petitions in this Court, challenging the same 1980 conviction. See *Mathis v. Thomas*,

1

No. 5:88-cv-86 (DF) and *Mathis v. Chapman,* No. 5:06-cv-40 (CAR). In case number 5:88-cv-86, the petition was considered on the merits and denied by Judge Duross Fitzpatrick on April 8, 1996. Upon appeal, the Eleventh Circuit Court of Appeals denied petitioner's motion for a certificate of appealability. See *Mathis v. Thomas*, No. 96-9489 (11th Cir. September 30, 1997). In the second case, number 5:06-cv-40, the petition was dismissed as successive within the meaning of section 2244(b) on February 21, 2006. There is no indication that this decision was appealed.

As Petitioner has previously been advised, pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); See also *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

The Court finds that Petitioner is once again attempting to challenge the validity of his current conviction and confinement. For this reason, the Court must conclude that the instant petition is successive within the meaning of section 2244(b). Absent any indication that Petitioner has received permission from the Eleventh Circuit to file

a second or successive petition[1], this Court lacks jurisdiction to consider Petitioner's request for relief. Respondent's Motion to Dismiss (Doc. 12) is therefore **GRANTED** and it is **ORDERED** that the instant petition be **DISMISSED** without prejudice to petitioner's right to file in the Eleventh Circuit an application for leave to file a second or successive habeas petition pursuant to section 2244(b)(3). Petitioner's other Motions (Docs. 6, 15, 16, 17) are hereby **DENIED**, as they are moot.

It is SO ORDERED this 21st day of July, 2009.

                    S/ C. Ashley Royal
                    C. ASHLEY ROYAL, JUDGE
                    UNITED STATES DISTRICT COURT

chw

---

[1] The Court takes judicial notice of the records of the Eleventh Circuit Court of Appeals, which show that Petitioner filed an application for authorization to file a successive petition following the denial of his 2006 petition, and that his application was rejected. See *In re: Jonas Mathis*, No. 06-12120-H (11th Cir., April 25, 2006) (slip copy attached).